UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ARKADII RAMONOV,

                Petitioner,                    Case No. 1:26-cv-1632

v.                                       Honorable Paul L. Maloney

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner from custody. (Pet., ECF No. 1, PageID.24.)

In an order entered on May 22, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on May 27, 2026. (Resp., ECF No. 4.) Petitioner filed his reply on June 2, 2026. (Reply, ECF No. 5.)

## II.    Relevant Factual Background

Petitioner is a native and citizen of Russia. Op., *Ramonov v. Noem* (*Romanov I*), No. 1:25-cv-1840 (W.D. Mich Jan. 7, 2026) (ECF No. 14). He entered the United States in 2023 and was arrested by ICE agents on October 20, 2025. *Id.* This is Petitioner's third § 2241 petition before this Court.

Petitioner filed his first § 2241 action on December 16, 2025. *Id.* In *Romanov I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Ramonov v. Noem* (*Romanov I*), No. 1:25-cv-1840 (W.D. Mich Jan. 7, 2026) (ECF Nos. 14, 16). Petitioner was denied bond. Bond Order I, *Romanov I*, (W.D. Mich. Jan. 15, 2026) (ECF No. 18-1). Thereafter, Petitioner filed an emergency motion to enforce the Court's prior judgment, an emergency motion for an order to show cause, and an emergency motion for immediate release. Motion to Enforce I, *Romanov I*, (W.D. Mich. Jan. 15, 2026) (ECF Nos. 17, 19, 20). Respondents also filed their status report concerning the bond hearing held on January 13, 2026. Status Report I, *Romanov I*, (W.D. Mich. Jan. 15, 2026) (ECF No. 18).[1]

On February 24, 2026, the Court entered an order denying Petitioner's motion for immediate release, dismissing Petitioner's motion for an order to show cause as moot, and granting Petitioner's motion to enforce the Court's prior judgment. Feb. 24, 2026, Ord., *Romanov I*, (W.D.

---

[1] During the pendency of Petitioner's first habeas action, Petitioner filed a second habeas action to challenge the bond hearing on February 2, 2026. *Ramonov v. Noem* (*Romanov II*), No. 1:26-cv-350 (W.D. Mich.). The Court dismissed *Romanov II* as moot because Petitioner's claims for relief were resolved in the context of *Romanov I*. Ord. & J., *Romanov II*, (W.D. Mich. Mar. 24, 2026) (ECF Nos. 10, 11).

Mich. Feb. 24, 2026) (ECF No. 26). In granting Petitioner's motion to enforce judgment, the Court ordered that Respondents provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence within five business days of the date of the Court's order, with notice to the parties as soon as practicable, not later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. *Id.* The Court further directed Respondents to file a status report within six business days of the Court's order to certify compliance with the Court's order. *Id.*

On March 4, 2026, Respondents filed a second status report, indicating that a § 1226 bond hearing had been held on March 3, 2026, and that Petitioner had been denied bond. Status Report II, *Romanov I*, (W.D. Mich. Mar. 4, 2026). The written order of the immigration judge states: "Flight risk. Missed numerous ATD check-ins." Bond Order II, *Romanov I*, (W.D. Mich. Jan. 15, 2026) (ECF No. 27-1).

Thereafter, on March 13, 2026, Petitioner filed a "second emergency motion to enforce habeas writ and for immediate release," in which Petitioner asked the Court to order his immediate release from custody or, in the alternative, a prompt corrective bond hearing before a different immigration judge. Motion to Enforce II, *Romanov I*, (W.D. Mich. Mar. 13, 2026) (ECF No. 28). In support of Petitioner's request, Petitioner noted that the immigration judge acknowledged that the Government bore the burden as ordered by this Court but alleged that "the hearing that followed did not demonstrate a meaningful application of that burden." *Id.* After reviewing the briefs filed by the parties and the record before the Court, the Court found no indication that Respondents failed to comply with the Court's February 24, 2026, order and denied Petitioner's second motion

3

to enforce judgment without prejudice. Mar. 25, 2026, Ord., *Romanov I*, (W.D. Mich. Mar. 25, 2026) (ECF No. 30).

### III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on March 3, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:    June 15, 2026                              /s/ Hala Y. Jarbou
                                                     HALA Y. JARBOU
                                                     For the Honorable Paul L. Maloney
                                                     United States District Judge

4